**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FELIX PINEDA VARGAS, et al., <br> Plaintiffs, <br> v. <br> JUSTIN MATTKE, et al., <br> Defendants. | Case No. 22-cv-03287-BLF <br><br> **ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS JUSTIN MATTKE AND THE CITY OF GREENFIELD'S MOTION TO DISMISS** |

Plaintiffs Felix Pineda Vargas, Silvia Jiminez Rodriguez, and Diego Pineda brought suit against Defendants Justin Mattke and the City of Greenfield ("the City") (collectively, "Defendants"), as well as several John Does ("Doe Defendants"), out of the events surrounding the execution of a no-knock warrant at their home early in the morning in June 2021. They bring several common law and federal and state statutory claims.

Now before the Court is Defendants' motion to dismiss under Rule 12(b)(6). ECF No. 12 ("MTD"); *see also* ECF No. 20 ("Reply"). Plaintiffs oppose the motion. ECF No. 18 ("Opp."). The Court held a hearing on the motion on November 10, 2022. *See* ECF No. 44. For the reasons discussed on the record and explained below, the Court GRANTS the motion to dismiss WITH LEAVE TO AMEND.

**I.   BACKGROUND**

As alleged in the Complaint, a no-knock warrant was executed by several officers at Plaintiff's home around 4:30 a.m. on June 6, 2021. ECF No. 1 ("Compl.") ¶ 21. The actual target of the search warrant was an individual named Jesus Gonzalez, but he did not live on the premises. *Id.* ¶ 22. The search warrant was obtained by Justin Mattke of the City of Greenfield Police Department on June 4, 2021. *Id.* ¶ 35. Plaintiffs began leasing their home on or around May 1,

2021, and Jesus Gonzalez had not lived on the premises at least since that date. *Id.* ¶¶ 24, 36. The information Mattke provided to the Superior Court Judge to obtain the search warrant is sealed under a Hobbs sealing order, which Mattke requested. *Id.* ¶ 37. Mattke requested permission to search the residence at night, which the judge granted. *Id.* ¶ 40. The warrant identified the property to be searched as "photographs and albums depicting gang members or gang activity, scrapbooks of newspaper articles describing gang crimes, address books of gang members, any current phone numbers and addresses of fellow gang members [with] whom they associate . . . , letters or documents referring to gang membership or gang activity, and any audiocassettes or videos of gang activity." *Id.* ¶ 41 (internal quotation marks omitted).

When the officers arrived, they did not present a search warrant to Plaintiffs. Compl. ¶ 23. The officers detained Plaintiffs Vargas and Rodriguez in their living room and their son, Plaintiff Pineda, was taken outside. *Id.* ¶ 21. Plaintiffs allege they were "instructed to sit with their heads facing the ground with [the officers] occasionally physically forcing them to keep their heads down." *Id.* ¶ 23. They allege that the officers "ransack[ed]" their home and went through Plaintiffs' personal belongings. *Id.* The officers used at least one K-9 unit, even though the items to be searched as part of the warrant did not include any drugs. *Id.* ¶ 24. The officers searched the three-bedroom home, as well as four cars owned by the Plaintiffs. *Id.* ¶ 26. The warrant stated that Gonzalez does not have a California Driver's License. *Id.* ¶ 42.

Plaintiffs allege that they attempted to inform the officers of their identities and when they started leasing their home, but the officers did not listen. Compl. ¶ 24. Two of the Plaintiffs had limited proficiency in English, and none of the officers were sufficiently proficient in Spanish to explain to them what was happening. *Id.* Plaintiff Pineda overheard the officers discussing they had the wrong identification of the resident around 5:00 a.m., but the officers continued to detain Plaintiffs and search the residence for at least an additional hour and a half. *Id.* ¶ 25. The officers searched Plaintiffs' wallets, and Plaintiffs allege at this point the officers should have realized their identities. *Id.* ¶ 27. The officers took $200.00 in cash from Plaintiff Rodriguez's wallet while searching it, and they did not provide a receipt. *Id.* ¶ 28.

The officers concluded the search between 6:30 and 7:00 a.m. Compl. ¶ 29. The officers

1 provided a copy of the warrant to Plaintiffs when they left. *Id.* ¶ 30. The officers had broken

2 Plaintiffs' front door. *Id.* ¶ 31. The officers did not provide their identities to Plaintiffs. *Id.* ¶ 33.

3 From the warrant, Plaintiffs determined that Mattke was the affiant. *Id.*

4       Defendants have suffered "lasting emotional trauma" following this incident. Compl. ¶ 34.

5 Later in the day on June 6, 2021, Plaintiff Rodriguez fainted at work due to stress and anxiety, and

6 she had to be hospitalized. *Id.* She had arm and shoulder pain in the following days due to being

7 physically handled by the officers, and she continues to have headaches stemming from the event.

8 *Id.* Defendant Pineda continues to suffer from headaches and bloody noses due to the stress from

9 the event. *Id.*

10       This lawsuit was filed on June 6, 2022. *See* Compl. The Complaint asserts claims for (1)

11 negligence/negligent infliction of emotional distress, (2) assault and battery, (3) trespass, (4)

12 conversion, (5) violation of 42 U.S.C. § 1983 ("Section 1983"), (6) violation of the Ralph Act, and

13 (7) violation of the Bane Act. *Id.* ¶¶ 44-95.

## II.   LEGAL STANDARD

15       "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

16 claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation

17 Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

18 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts

19 as true all well-pled factual allegations and construes them in the light most favorable to the

20 plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). But the Court need

21 not "accept as true allegations that contradict matters properly subject to judicial notice" or

22 "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

23 inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation

24 marks and citations omitted). While a complaint need not contain detailed factual allegations, it

25 "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

26 on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

27 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the

28 reasonable inference that the defendant is liable for the misconduct alleged." *Id*. On a motion to

dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

## III. ANALYSIS

### A. Section 1983

#### 1. Mattke

Plaintiffs bring a Section 1983 claim. Compl. ¶¶ 73-81. As to Mattke, they allege that he knew or should have known that the information he provided to support the search warrant was incorrect, namely that Jesus Gonzalez did not reside at Plaintiffs' address. *Id.* ¶ 77. Defendants argue that the claim should be dismissed because Mattke was not involved in executing the search. MTD at 7-8. Plaintiffs make clear that they are also asserting a Section 1983 claim against Mattke based on his actions obtaining the search warrant. Opp. at 14.

"Section 1983 imposes liability on '[e]very person who . . . subjects, or causes [a plaintiff] to be subjected . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Peck v. Montoya*, 51 F.4th 877, 888-89 (9th Cir. 2022) (quoting 42 U.S.C. § 1983). Under the Ninth Circuit's cases, "an official whose 'individual actions' do 'not themselves rise to the level of a constitutional violation' may be held liable under section 1983 only if the official is an 'integral participant' in the unlawful act." *Id.* at 889 (quoting *Reynaga Hernandez v. Skinner*, 969 F.3d 930, 941 (9th Cir. 2020)). The Ninth Circuit recently clarified the test for whether an individual is an integral participant:

> [A]n actor may be deemed to have "cause[d] [a plaintiff] to be subjected" to a constitutional violation, 42 U.S.C. § 1983, and thus to be an integral participant in the violation, only if (1) the defendant knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those whose conduct constituted the violation, or (2) the defendant set in motion a series of acts by others which the defendant knew or reasonably should have known would cause others to inflict the constitutional injury.

*Id.* at 891.

The question then becomes what is the "constitutional injury" at issue. Based on the Complaint, it appears that the "constitutional injury" is the use of excessive force in the execution

4

1    of the search warrant.  *See generally* Compl.  Further, the Plaintiffs rely heavily on *Burns v. City*
2    *of Concord* in their briefing.  99 F. Supp. 3d 1007 (N.D. Cal. 2015).  In that case, the court
3    allowed a Section 1983 claim against a District Attorney, who was the search warrant affiant, to
4    proceed past the motion to dismiss stage.  *Id.* at 1022.  But the facts of *Burns* are distinguishable.
5    In *Burns*, the plaintiffs alleged that the District Attorney worked with the police officer defendants
6    to plan a surveillance operation with the ultimate goal of arresting and harming the subject
7    individual, and this plan included the District Attorney using false information to get an arrest
8    warrant that would justify the use of excessive force up to and including lethal force.  *Id.*  Here,
9    Plaintiffs do not allege any sort of similar behavior by Mattke.  The factual allegations in the
10   Complaint do not suggest that Mattke was an integral participant in the ultimate constitutional
11   injury of excessive force.
12   However, Plaintiffs suggested at the hearing that the execution of the improper search
13   warrant itself constituted excessive force, and it would have regardless of the manner in which the
14   officers carried out the warrant.  Plaintiffs would have an easier time showing Mattke was an
15   integral participant if that is the case, as they would not need to show that Mattke knew *how* the
16   search warrant would be carried out, but merely that it *would be* carried out.  In an Amended
17   Complaint, Plaintiffs should make clear which theory they are alleging.  The motion to dismiss the
18   Section 1983 claim against Mattke is GRANTED WITH LEAVE TO AMEND.

19   **2. The City**

20   Plaintiffs' Section 1983 claim is also brought against the City.  Compl. ¶¶ 73-81.
21   Defendants argue that the claim should be dismissed because Plaintiffs do not allege facts
22   sufficient for *Monell* liability.  MTD at 8-11.  "The Supreme Court in *Monell* held that
23   municipalities may only be held liable under section 1983 for constitutional violations resulting
24   from official [municipality] policy or custom." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134,
25   1153 (9th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658,
26   694 (1978)).  Plaintiffs concede that they have not alleged sufficient facts as to the City under
27   *Monell*.  Opp. at 15.  The motion to dismiss the Section 1983 claim against the City is GRANTED
28   WITH LEAVE TO AMEND.

### 3. Doe Defendants

The Court also notes that Plaintiffs are in the process of determining the names of the officers who executed the warrant. The Court GRANTS LEAVE TO AMEND the Section 1983 claim as to the Doe Defendants.

### B.  Negligence/Negligent Inflection of Emotional Distress

Plaintiffs bring a claim for negligence/negligent infliction of emotional distress. Compl. ¶¶ 44-50. The Court first notes that these are two separate causes of action. Plaintiffs should specify which of the two they are alleging. The Court will analyze a claim for negligence. Plaintiffs identify at least eight sets of actions that they allege were negligent. *See* Compl. ¶ 46(a)-(h). The first two of these involve Mattke and the latter six involve the Doe Defendants. *See id.* The Court addresses each in turn.

### 1. Mattke and the City

Defendants argue that the negligence claim should be dismissed because Mattke was not present at the search, and he cannot be vicariously liable for the actions of other officers in executing the search. MTD at 5-6. Plaintiffs argue that the negligence claim against Mattke was based on his actions obtaining the search warrant, which "start[ed] a chain of events" resulting in the search. Opp. at 8-10. Plaintiffs again rely on *Burns* to support their argument. *Id.* at 9-10. And they argue that the City's liability is based on vicarious liability for any individual officers, including Mattke. *Id.* at 10-11. The Complaint does allege that Mattke was negligent in obtaining the search warrant. *See* Compl. ¶ 46(a)-(b). In Reply, Defendants again argue that Plaintiffs do not allege that Mattke was involved in the search, and that "Plaintiffs must allege a factual basis connecting [Mattke] to the *manner* in which the search was conducted." Reply at 4-5.

The Court's reasoning above as to the Section 1983 claim applies largely to the negligence claim as well. The elements of a negligence cause of action are (1) legal duty owed to the plaintiff; (2) breach; (3) causation; and (4) injury to plaintiff. *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998). As above, it is not clear whether the injury to Plaintiffs is the manner in which the search was carried out or the fact that a search occurred at all. The causation analysis would be much different based on the ultimate injury alleged. The Court does not opine

6

on the sufficiency of either injury, but Plaintiffs must make clear their theory of Mattke's negligence. The motion to dismiss the claim for negligence is therefore granted WITH LEAVE TO AMEND.

### 2. Doe Defendants

The remainder of the negligence allegations do not involve Mattke. *See* Compl. ¶ 46(c)-(i). The Court recognizes that Plaintiffs are in the process of determining the names of the officers who executed the warrant. The Court also GRANTS LEAVE TO AMEND the negligence claim as to the Doe Defendants.

### C.   Assault and Battery

There are no allegations in the Complaint as to assault or battery by Mattke. *See* Compl. And the claim against the City is based on vicarious liability as to individual officers. The Court therefore GRANTS the motion to dismiss this claim. Because Plaintiffs are determining the names of the officers who executed the warrant, leave to amend would not be futile. The motion to dismiss the claim for assault and battery is therefore granted WITH LEAVE TO AMEND.

### D.   Conversion

There are no allegations in the Complaint as to conversion by Mattke. *See* Compl. And the claim against the City is based on vicarious liability as to individual officers. The Court therefore GRANTS the motion to dismiss this claim. And because Plaintiffs are determining the names of the officers who executed the warrant, leave to amend would not be futile. The motion to dismiss the conversion claim is therefore granted WITH LEAVE TO AMEND. In an Amended Complaint, Plaintiffs should specify which Plaintiff is bringing this cause of action.

### E.   Ralph Act

There are no allegations in the Complaint of "any violence, or intimidation by threat of violence," by Mattke against the Plaintiffs, as required by the Ralph Act. *See* Compl.; Cal. Civ. Code § 51.7. And the claim against the City is based on vicarious liability as to individual officers. The Court therefore GRANTS the motion to dismiss this claim. Because Plaintiffs are determining the names of the officers who executed the warrant, leave to amend would not be futile. Any amended complaint would need to show that the defendants were motivated in their

violence by animus against Plaintiffs based on their race or national origin. See Cal. Civ. Code §§ 51, 51.7; *see also Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1290 (9th Cir. 2001) (evaluating whether "a reasonable jury could find that [defendant] was motivated in his violence by gender or national origin animus"). The motion to dismiss the Ralph Act claim is therefore granted WITH LEAVE TO AMEND.

### F. Bane Act

There are no allegations in the Complaint that Mattke interfered with Plaintiffs' rights through "threat, intimidation, or coercion," as required by the Bane Act. *See* Compl.; Cal. Civ. Code § 52.1; *see also Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018). And the claim against the City is based on vicarious liability as to individual officers. The Court therefore GRANTS the motion to dismiss this claim. Because Plaintiffs are determining the names of the officers who executed the warrant, leave to amend would not be futile. The motion to dismiss the Bane Act claim is therefore granted WITH LEAVE TO AMEND.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND. Plaintiffs SHALL file an amended complaint by Friday, January 13, 2023. Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified on the record or in this order will result in a dismissal of the deficient claims with prejudice. Plaintiff's amendments shall not exceed the scope allowed by the Court in this order.

Dated: November 22, 2022

_____
BETH LABSON FREEMAN
United States District Judge